UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DAVID SYLVESTER LOGAN,

                    Petitioner,

v.                                             Case No:  5:14-cv-470-Oc-10PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS and FLORIDA
ATTORNEY GENERAL,

                    Respondents.

_____/

## OPINION AND ORDER

       This matter comes before the Court upon a pro se petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by Petitioner David Sylvester Logan (Doc. 1; filed August 25, 2014).  Petitioner, who was a prisoner of the Florida Department of Corrections at the time he filed the petition, attacks the plea-based convictions and sentences entered by the Fifth Judicial Circuit Court in Lake County, Florida in 2008 for burglary and felony petit theft. *Id.*  Respondents filed a response to the petition, and Petitioner filed a reply (Doc. 19; Doc 22). The petition is now ripe for review.

       Petitioner raises four claims in his petition.  He asserts that: (1) his plea was involuntary because the state court erred by granting his motion for re-sentencing without allowing him to withdraw his plea;  (2) his plea was involuntary because he was threatened into accepting a plea by the trial judge who told him that he could receive a much longer sentence if convicted at trial;  (3) his minimum mandatory sentence was incorrectly calculated because sentencing points were added for a crime he did not

commit; and (4) defense counsel (Counsel) was ineffective for failing to apprise him that one of the crimes of which he was accused never occurred (Doc. 1 at 5-10).

Upon due consideration of the pleadings and the state court record, the Court concludes that each claim must be dismissed or denied. Because the petition may be resolved on the basis of the record, an evidentiary hearing is not warranted. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).

## I. Background[1]

On July 1, 2011, the State of Florida charged Petitioner with burglary of a structure in violation of Florida Statute §§ 810.02(1) and 810.02(4) (count one) and petit theft, in violation of Florida Statute §§ 812,014(1) and 812.014(2)(e) (count two) in Marion County case number 2011-CF-2065 (Case One) (Ex. 1).[2] On July 5, 2011, Petitioner was advised that the State intended to seek Habitual Felony Offender (HFO) status under Florida Statute § 775.084(1)(a) (Ex. 2). On July 7, 2011, the State charged Petitioner with felony petit theft after having previously been convicted of two or more offenses of theft in violation of Florida Statute §§ 812.014(1) and 812.014(3)(C) in Marion County case number 2011-CF-2574 (Case Two).

On May 7, 2012, Petitioner pleaded nolo contendere to all counts in Case One and Case Two (Ex. 20; Ex. 21). He was sentenced to 53.475 months in prison on the burglary count in Case One, to time served on the petit theft charge in Case One, and to a

---

[1] Petitioner filed dozens of motions and appeals in his underlying state criminal cases (Doc. 19). Only the portions of the record necessary to consider the instant habeas petition will be discussed in this Order.

[2] Citations to exhibits are to those filed by Respondents on February 9, 2015 (Doc. 19). Citations to the transcript of the change of plea hearing, located in Exhibit 21, will be cited as PH at __.

concurrent term of 53.475 months in prison on the felony petit theft charge in Case Two (Ex. 20; Ex. 21; Ex. 22).   Petitioner was deemed a Habitual Felony Offender on the burglary count in Case One and the felony petit theft charge in Case Two. *Id.*  On March 19, 2013, Florida's Fifth District Court of Appeal affirmed the judgments and sentences (Ex. 39); *Logan v. State*, 145 So. 3d 118 (Fla. 5th DCA 2013).

On or about June 4, 2012, Petitioner filed a motion to withdraw his plea on the ground that he felt threatened by the trial court into accepting it. On September 6, 2012, the post-conviction court denied the motion on the ground that Petitioner's claim was refuted by the record and without merit (Ex. 60).    Florida's Fifth District Court of Appeal affirmed *per curiam* (Ex. 64).

On February 19, 2013, the post-conviction court granted Petitioner's motion to correct an illegal sentence (Ex. 43) and vacated the HFO designation in Case Two (felony petit theft) on the ground that "[a] person convicted of felony petit theft may not be sentenced as a habitual felony offender because § 812.014(3)(C), *Fla. Stat.*, does not provide for sentencing as a habitual felony offender." (Ex. 44).  Petitioner did not appeal. Thereafter, on March 4, 2013, Petitioner filed a Motion to Withdraw Plea based on "newly discovered evidence." (Ex. 45).  The motion was denied as untimely since it was filed ten months after sentencing (Ex. 46).  Florida's Fifth District Court of Appeal *per curiam* affirmed (Ex. 52); *Logan v. State*, 117 So. 3d 1108 (Fla. 5th DCA 2013).

Petitioner filed the instant habeas petition on August 25, 2014 (Doc. 1).  On July 21, 2015, Petitioner was released from the Department of Corrections.[3]  On August 30, 2016, Petitioner was ordered to show cause why all, or a portion of, his habeas petition

---

[3] http://www.dc.state.fl.us/InmateReleases/detail.asp?Bookmark=3&From=list&SessionID=225273285

should not be dismissed as moot (Doc. 26).  On September 9, 2016, he responded to the

order to show cause, arguing that this Court should still consider his claims (Doc. 27).

## II.   <u>Governing Legal Principles</u>

### A.   Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to

a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  This standard is both mandatory and difficult to meet.  *White v.*

*Woodall*, 134 S. Ct. 1697, 1702 (2014).  A state court's summary rejection of a claim,

even without explanation, qualifies as an adjudication on the merits which warrants

deference. *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008).  Notably, a state

court's violation of <u>state</u> law is not sufficient to show that a petitioner is in custody in

violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a);

*Wilson v. Corcoran*, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles, rather

than the *dicta*, set forth in the decisions of the United States Supreme Court at the time

the state court issued its decision. *White*, 134 S. Ct. at 1702; *Carey v. Musladin*, 549 U.S.

70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).  That said, the

Supreme Court has also explained that "the lack of a Supreme Court decision on nearly

identical facts does not by itself mean that there is no clearly established federal law,

since 'a general standard' from [the Supreme Court's] cases can supply such law." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1449 (2013) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).   State courts "must reasonably apply the rules 'squarely established' by [the Supreme] Court's holdings to the facts of each case. *White*, 134 S. Ct. at 1706 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)).

Even if there is clearly established federal law on point, habeas relief is only appropriate if the state court decision was "contrary to, or an unreasonable application of," that federal law. 29 U.S.C. § 2254(d)(1).  A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406).  The petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White*, 134 S. Ct. at 1702 (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)).  Moreover, "it is not an unreasonable application of clearly established Federal law for a state court to

5

decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." *Knowles*, 556 U.S. at 122.

Finally, when reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1*); Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.") (quoting *Wood v. Allen*, 558 U.S. 290, 293 (2010)).

### B.   Standard for Ineffective Assistance of Counsel

In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984).  A petitioner must establish that counsel's performance was deficient and fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. *Id.*  This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt.  *Burt*, 134 S. Ct. at 13 (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011)).

The focus of inquiry under *Strickland*'s performance prong is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688-89.  In reviewing counsel's performance, a court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689. Indeed, the petitioner bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable[.]" *Jones v. Campbell*, 436 F.3d

1285, 1293 (11th Cir. 2006).   A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying a "highly deferential" level of judicial scrutiny. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690).

As to the prejudice prong of the *Strickland* standard, Petitioner's burden to demonstrate prejudice is high. *Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002). Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.   In order to satisfy *Strickland*'s prejudice prong in the context of a guilty plea, Petitioner must show that there is a reasonable probability that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

## C.   Exhaustion and Procedural Default

The AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of available relief under state law.   Exhaustion of state remedies requires that the state prisoner "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim.   *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998).   In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if a petitioner has failed to exhaust

7

state remedies and the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims). Finally, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman*, 501 U.S. at 750.  If a petitioner attempts to raise a claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994).

Procedural default will be excused only in two narrow circumstances.  First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default.  "To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999) (internal quotation marks omitted).  To establish prejudice, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

The second exception, known as the fundamental miscarriage of justice, only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998).  To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the

underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).   In addition, "[t]o be credible, a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

## III.   Analysis

As noted, Petitioner was released from prison on July 25, 2015.  If a petitioner is released from imprisonment subsequent to filing a habeas petition, he must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution. *Mattern v. Sec'y, Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir. 2007). Whether an action is moot is a jurisdictional matter.   *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395–96 (1980); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).  Thus, if an event that occurs after a lawsuit is filed deprives "the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (internal quotation marks and citation omitted); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("Throughout the litigation, the plaintiff 'must have suffered or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' ") (citation omitted).

To the extent Petitioner attacks only his sentences, this case is moot because those sentences expired during the course of these proceedings. *See Lane v. Williams*, 455 U.S. 624, 631 (1982).[4]  Presumably however, Petitioner also asks this Court to set aside his <u>convictions</u> and give him an opportunity to plead anew.  In that case, if relief is

---

[4] Petitioner was not subject to a term of probation after the expiration of his sentences (Ex. 22).

granted, Petitioner can either plead not-guilty and stand trial or negotiate a different plea bargain.   Notably, if successful in his claims, Petitioner could be subject to a longer sentence than the one that has since expired. *Id* at 630-31 ("If [a petitioner seeks] the opportunity to plead anew, this case would not be moot.   Such relief would free [petitioners] from all consequences flowing from their convictions, as well as subject them to reconviction with a possible greater sentence."); *Alabama v. Smith*, 490 U.S. 794 (1989) (holding that "no presumption of vindictiveness arises [when a petitioner receives a longer sentence after a successful challenge] when the first sentence was based upon a guilty plea, and the second sentence follows a trial.").

In Claim Three of the instant petition, Petitioner argues only that his minimum mandatory sentence was incorrectly enhanced due to a prior conviction for a crime he did not commit.[5]   Accordingly, Claim Three challenges only the length of Petitioner's sentence.  Since Petitioner has been released from incarceration, Claim Three no longer presents a case or controversy under Article III, § 2, of the United States Constitution, and is, therefore, dismissed.  The Court will address the remaining claims to the extent they challenge Petitioner's underlying convictions.

## A.    Claim One

Petitioner asserts that the state court erred when it granted his motion for re-sentencing without allowing him to withdraw his plea (Doc. 1 at 5).   Specifically, Petitioner argues that he should have been allowed to re-plea after the state concluded that HFO status did not apply to his conviction for felony petit theft in Case Two. *Id.*  Although not completely clear, Petitioner appears to urge that this alleged error rendered his plea

---

[5] Petitioner was sentenced to the minimum mandatory sentence. *See* discussion *infra* Claim Two.

involuntary.   Respondents urge that Claim One is unexhausted because, although Petitioner raised this issue in his March 4, 2013 motion to withdraw plea (Ex. 45) and his amended habeas petition (Ex. 56, 57), both were found to be procedurally defaulted in state court (Doc. 19 at 9).

A state court's adequate and independent finding of procedural default will bar federal habeas review of a claim unless the habeas petitioner can show cause for the default and "prejudice attributable thereto." *Murray v. Carrier*, 477 U.S. 478, 485 (1986). However, before a federal habeas court is precluded from reaching a federal claim, "[t]he state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." *Harris v. Reed*, 489 U.S. 255, 262 (1989).   Also, the state court must state that it is enforcing the procedural rules. "[I]f it fairly appears that the state court rested its decision primarily on federal law, this Court may reach the federal question on review unless the state court's opinion contains a 'plain statement' that its decision rests upon adequate and independent state grounds." *Harris*, 489 U.S. at 261 (quoting *Michigan v. Long*, 463 U.S. 1032, 1042 (1983)).

In the instant case, the post-conviction court denied Petitioner's motion to withdraw his plea based upon Rule 3.170(1) of the Florida Rules of Criminal Procedure which provides that a motion to withdraw must be filed within thirty days after rendition of the sentence (Doc. 46).   The post-conviction court noted that "[t]his instant motion is filed approximately ten (10) months after sentencing and is therefore approximately nine (9) months late.  This motion is untimely." *Id.*  Likewise, Petitioner's habeas petitions were construed by the post-conviction court as motions made pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure and dismissed on the ground that Petitioner had already filed a Rule 3.850 which was denied on the merits (Ex. 60).  Thus, both times this

11

claim was raised, the state court issued a "plain statement" applying an independent and adequate state procedural bar, and absent an exception to the procedural default bar (which Petitioner does not urge), Claim One is barred from review by this Court.[6]

Even had Petitioner exhausted Claim One, and even assuming that he raises a federal claim, he is not entitled to federal habeas relief. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). The standard for determining the validity of a plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *see also Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). The Eleventh Circuit explains the standard for federal review of state court guilty pleas as follows:

> A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

*Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991). In the instant case, Petitioner does not assert that he misunderstood either the charges against him or the consequences of his plea. Instead, he asserts that he was coerced into pleading guilty due to his belief that his felony petit theft conviction in Case Two subjected him to HFO status. This claim is disingenuous. The lowest permissible sentence Petitioner could have received, even without HFO sentencing, was 53.475 months in prison (SH at 7, 10;

---

[6] To the extent Petitioner argues that the state erred under Florida law when dismissed his motion and petition on procedural grounds, "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983).

Ex. 70).  This was the sentence he received.  Petitioner was already subject to HFO status due to his burglary conviction in Case One, and therefore, the ten-year maximum sentence he could have received if found guilty at trial did not change as a result of re-sentencing; the post-plea removal of the HFO designation on his felony petit theft charge was simply irrelevant.  In addition to being subject to dismissal as procedurally barred, Claim One is due to be denied on its merits.

### B.    Claim Two

Petitioner argues that his plea was involuntary because he should have been allowed to withdraw it after being threatened into accepting the state's offer by the trial judge (Doc. 1 at 7).  He raised this claim in his first motion to withdraw his plea (Ex. 27).  In that motion, Petitioner asserted that the trial judge threatened him with a greater sentence if he proceeded to trial.  *Id.*  In its order denying the motion, the post-conviction court noted that, during the change of plea hearing, Petitioner agreed that he was satisfied with the terms of the plea agreement and that nobody threatened him (Ex. 31).  The claim was denied on the ground that it lacked merit.  *Id.*  Florida's Fifth District Court of appeal affirmed (Ex. 39).

As noted, *supra*, any argument that the state court erred under Florida law provides no basis for federal habeas corpus relief.  Petitioner does not explain how the state courts' rejection of Claim Two was contrary to clearly established federal law or based upon an unreasonable determination of the facts.  To the contrary, a review of the record supports the state courts' conclusions.  Petitioner signed separate plea agreements agreeing to concurrent terms of 53.475 months in prison in Case One and Case Two (Ex. 20).  At the plea hearing, Petitioner told the judge that he understood the plea agreement and had reviewed it with his attorney (PH at 21).  He stated that nobody threatened or forced him

13

to sign the agreement. *Id.* at 22.   "[R]epresentations of the defendant . . . [at a plea proceeding] as well as any findings made by the judge accepting the pleas, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

After discussing the plea agreement with Petitioner, the trial court explained the consequences of rejecting the state's offer.  The court clarified that the lowest permissible prison sentence Petitioner could receive was 53.475 months. *Id.* at 16.  This exchange followed:

> COURT:   I'm asking you.  The Court's asking you: Is this what you're go [sic] forward on now is what the State has announced, which is 53.475 months. That's going to include two cases. That's including two cases; not [just] this one.
>
> If not, I need to have a jury here in the next three or four minutes because I have to have time to have jury selection this morning. And that was my understanding. I was called back in and said that's what you were going to do was enter a plea based on the agreement.
>
> Because I'm going to tell you, once I have this jury selected, it's going to be an open plea to the Court. I'm not going to be accepting or receiving any plea pursuant to anybody's agreement. Are you listening?
>
> PETITIONER:   Yes, Ma'am.
>
> COURT:   All right. It won't be 53; it won't be whatever. I don't know what it's going to be. But what I'm saying to you is that I don't want you to forget that if you don't, it's up to you. You can go to trial, have a jury come up.
>
> Once I have that jury, I start with jury selection. That means I announce the case, the jury's here and I ask – I'm ready to proceed. That's the

question. And if your attorney says we're ready
to proceed to trial, the State says we're ready to
proceed to trial.

If you change your plea to guilty or no contest,
it's open to this Court to determine what the
sentence will be; nothing to do with 42 months,
53 months or anything like that.

The maximum penalty you're facing, just so
you're aware – I don't know if you are – on the
2011-2574, felony petit theft, up to five years in
state prison and/or a $5,000 fine. Case 2011-
2065, burglary of a structure, a third-degree
felony, up to five years in state prison and/or a
$5,000 fine; and petit theft, a first-degree
misdemeanor, up to one year in the county jail
and/or a $1,000 fine.

However, I've also been told that you've been
noticed the State is proceeding as a habitual
felony offender which can enhance that penalty.
That means more time in prison.

PETITIONER:    I understand.

(PH at 16-18).  The trial court's comments were not coercive.  The judge merely informed

Petitioner of the sentences he faced if convicted at trial.  The state may not coerce a plea

by actual or threatened physical harm or by mental coercion overbearing the will of the

defendant. *Brady v. United States*, 397 U.S. 742, 750-51 (1970).  However, only physical

harm, threats of harassment, misrepresentations, or "promises that are by their nature

improper as having no proper relationship to the prosecutor's business (e.g. bribes)"

render a guilty plea legally involuntary. *Brady*, 397 U.S. at 755.  That Petitioner may have

felt pressured to accept the plea because he was afraid of receiving a longer sentence if

convicted at trial does not make his plea involuntary.  A reduced sentence pursuant to a

plea agreement is an important factor for any defendant to consider when deciding

whether to enter a plea and waive his right to a jury trial. *Roberts v. United States*, 472

15

F.2d 1195, 1196 (5th Cir. 1973) (guilty plea entered with the advice of counsel is not rendered invalid if made to avoid a harsher penalty).   No constitutionally impermissible coercion arises when a defendant is forced to choose between the possibility of a long prison sentence if he goes to trial or a shorter sentence if he pleads. *See Brady*, 397 U.S. at 751.

Although Petitioner's fear of receiving life a longer prison sentence if convicted at trial was obviously a determinative factor in his decision to plead no contest, the trial court did not improperly threaten, force, or coerce Petitioner into entering the plea, and he acknowledged such during the plea hearing.   Accordingly, Claim Two is denied pursuant to 28 U.S.C. § 2254(d).

## C.      Claim Four

Petitioner asserts that defense counsel was ineffective for failing to apprise him of a "private investigator report that would show case 2065 (Case One) did not take place." (Doc. 1 at 10).   Petitioner asserts that Counsel told him that accepting the plea was "the very best thing" he could do. *Id.*   Petitioner does not attach a copy of the alleged report or otherwise explain its contents, and a review of the entire record does not shed light on what he is talking about.   Petitioner attached a probable cause affidavit and two police reports related to Case One to his October 28, 2013 petition for writ of habeas corpus (Ex. 56).   The probable cause affidavit stated that Petitioner was seen by a witness pushing a dolly with a washing machine on it at approximately four in the morning on May 26, 2011. *Id.*   He was observed placing the washing machine on his patio.   Subsequently, an unknown male was seen putting a clothes dryer on Petitioner's patio. *Id.*   The affidavit stated that a deputy located a Kenmore washer and dryer and a dolly on Petitioner's patio. *Id.*   Petitioner's wife told the deputy that the washing machine and dryer did not belong to

them and that she had not seen them before.  A detective responded to the scene and was able to follow dolly tracks leading to a vacant apartment.  The detective contacted the victim who confirmed that the apartment should contain a washer and dryer. *Id.* Petitioner appears to base the instant claim on a Sheriff's Office Supplemental Incident Report which reads as follows:

> On 05611 at 0600 hours, I was advised to respond to 2910 SE 50 Court, in reference to relieving night shift units on this case.
>
> Upon arrival, I maintained contact with the washer and dryer, which were located on the defendant's patio.  Detective Ray and Sergeant Raker, ID 761, responded to the scene. Detective Rand and Sergeant Raker, were able to locate tire impressions, which were consistent with the dolly the defendant was seen pulling the washer and dryer with.  They were able to follow the tracks up to an apartment at 2950 SE 53 Court, Apartment B.  The door to that apartment was unlocked and they noticed fresh door tracks leading to a utility closet, which would be used to house a washer and dryer.
>
> At the direction of Detective Ray, evidence was contacted and evidence technician Lancaster responded to the scene and collected the washer and dryer, valued at $150.00, from the Defendant's porch and placed them into evidence, Detective Ray also made contact with the victim, who confirmed the apartment should have had the washer and dryer in it.
>
> The defendant had been arrested on a separate charge and subsequently I responded to the Marion County Jail and completed a probable cause affidavit for the charges of burglary and grand theft.

*Id.* Petitioner appears to argue in his state petition for writ of habeas corpus that this crime could not have taken place (or the state could not prove that it had) because no dolly was actually ever taken into evidence by the police. *Id.*

Even assuming that this claim has been exhausted, it lacks merit.  Nothing in the entire record or plea colloquy suggests that Petitioner pleaded guilty to stealing a furniture dolly.  To the contrary, the information charges Petitioner only with stealing a washing

17

machine and dryer (Ex. 1).  The means of transporting the stolen property was not an element of that crime.  There would have been no reason for Counsel to inform Petitioner that no dolly was in evidence. Therefore, the Court finds that Petitioner has not satisfied *Strickland*'s performance prong, and Claim Four is denied pursuant to 28 U.S.C. § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.   <u>Certificate of Appealability</u>[7]

Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

---

[7] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Id.*  As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

## V.    Conclusion

Based on the reasons set forth in this Order, Petitioner's 28 U.S.C. § 2254 petition is **DENIED with prejudice**. Petitioner is denied a certificate of appealability.  The Clerk of Court is directed to terminate any pending motions, close the file, and enter judgment accordingly.

**DONE** and **ORDERED** in Ocala, Florida on October 11, 2016.

UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies to:  David Sylvester Logan
Counsel of Record

19